**Thomas GRISBAUM, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO, Foodmark Stores, Inc., d/b/a Cub Foods, and Pinnacol Assurance, Respondents.**

**No. 03CA1488.**

Colorado Court of Appeals,
Div. A.

Feb. 24, 2005.

Clawson, Potter & Gardner, P.C., Kimball Gardner, Colorado Springs, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Ruegsegger Simons Smith and Stern, LLC, Douglas P. Ruegsegger, Merrily S. Archer, Denver, Colorado, for Respondent Foodmark Stores, Inc. and Pinnacol Assurance.

DAVIDSON, Chief Judge.

In this workers' compensation case brought against Foodmark Stores, Inc. and its insurer, Pinnacol Assurance (collectively employer), Thomas Grisbaum (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) denying his claim for temporary total disability (TTD) benefits pursuant to § 8–42–105(4), C.R.S. 2004, and by implication, the identical provision in § 8–42–103(1)(g), C.R.S.2004 (collectively termination statutes). We set aside the Panel's order and remand for further proceedings before the administrative law judge (ALJ).

The facts in this case are uncontested. Claimant suffered a compensable back injury in June 2001. He continued to work with no restrictions, but then resigned from his employment in January 2002. The ALJ found that claimant's resignation was voluntary.

In March 2002, claimant's pain was not improving, and for the first time he was restricted to light duty work. By May 2002, he was completely restricted from working. He had surgery in September 2002 and again in November 2002.

The ALJ determined that, beginning May 2002, claimant was unable to work as a result of his industrial injury. However, relying on *Longmont Toyota, Inc. v. Industrial Claim Appeals Office,* 85 P.3d 548 (Colo.App.2003), the ALJ concluded that the termination statutes permanently barred claimant from the receipt of temporary disability benefits.

The Panel affirmed, and in an unpublished decision, we affirmed the Panel's order. *Grisbaum v. Indus. Claim Appeals Office,* 2004 WL 1048314 (Colo.App. No. 03CA1488, May 6, 2004) (not published pursuant to C.A.R. 35(f)). The supreme court then reversed *Longmont Toyota, Inc. v. Industrial Claim Appeals Office, supra. Anderson v. Longmont Toyota, Inc.,* 102 P.3d 323 (Colo. 2004). Accordingly, this opinion was vacated and remanded for reconsideration in light of *Anderson. Grisbaum v. Indus. Claim Appeals Office,* 2005 WL 129061 (Colo. No. 04SC325, Jan. 24, 2005) (mem.).

Claimant contends that he is entitled to TTD benefits because the industrial injury, not his voluntary separation from employment, caused his inability to work. He asserts that where, as here, the disability begins and the condition worsens after the termination from employment, TTD benefits should be awarded. We agree.

The termination statutes provide that "where it is determined that a temporarily disabled employee is responsible for termination of employment, the resulting wage loss shall not be attributable to the on-the-job injury." Sections 8–42–103(1)(g), 8–42–105(4); *see Anderson v. Longmont Toyota, Inc., supra.*

Relying upon the legislative history of the termination statutes, the remedial policies underlying the Workers' Compensation Act, see § 8–40–101, et seq., C.R.S.2004, and the procedure for reopening claims where there has been a change of condition, the supreme court in *Anderson* determined that the bar to receipt of temporary disability benefits is not permanent. The court concluded that it was intended only to weed out wage loss claims subsequent to voluntary or for-cause terminations of modified employment that do not involve a worsened condition. Therefore, the supreme court held that the termination statutes bar temporary disability wage loss claims only when the voluntary or for-cause termination of the modified employment causes the wage loss, but not when the worsening of a prior work-related injury incurred during that employment causes the wage loss. *Anderson v. Longmont Toyota, Inc., supra.*

The court in *Anderson* referred to situations involving modified employment. The court found that: (1) the termination statutes "appl[y] to employee TTD claims made after an injured worker returns to *modified* employment and subsequently quits or is fired for cause"; (2) "[t]he General Assembly enacted section 8–42–105(4) to address situations where an injured worker returns to *modified* employment, then leaves that employment voluntarily or is terminated for cause and, as a result, suffers wage loss"; and (3) "[t]he General Assembly ... was concerned about abuse of the *modified* employment and injury compensation goals of the Act." *Anderson v. Longmont Toyota, Inc., supra,* 102 P.3d at 325, 327, 331 (emphasis added).

However, we do not interpret these statements as limiting the application of the statutes to claims involving modified employment. We conclude that the holding in *Anderson* applies equally to scenarios involving, as here, a worsening of condition or the development of a disability after the termination. *See Colo. Springs Disposal v. Indus. Claim Appeals Office,* 58 P.3d 1061, 1064–65 (Colo.App.2002) (applying termination statutes in a case involving regular, not modified, employment).

Because the ALJ here found that the industrial injury caused claimant's inability to work beginning in May 2002, we conclude claimant is entitled to an award of TTD benefits even though his resignation was voluntary. *See Anderson v. Longmont Toyota, Inc., supra.*

The order of the Panel is set aside, and the case is remanded to the Panel with instructions to remand to the ALJ for an appropriate award of TTD benefits.

Judge ROTHENBERG and Judge TAUBMAN concur.